# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-00176-PRW |
| ) | |
| TIMMIE LEE RUNNELS, JR., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Runnels' Petition for Disclosure of Confidential Records (Dkt. 42), which was filed ex parte and under seal. Defendant seeks judicial review and subsequent disclosure of certain records maintain by an Oklahoma governmental agency. Defendant relies on Okla. Stat. tit. 10A, §§ 1-6-102(C), (E) and proffers that Defendant has a "compelling reason" to obtain the records, namely: "the Defendant's presumption of innocence throughout the criminal prosecution" and "the need for the Defendant and the Court to address sentencing issues . . . should the Defendant be convicted of the alleged offenses."

Okla. Stat. tit. 10, § 1-6-102 provides that certain records kept by state agencies are confidential. Subsection 1-6-102(C) provides that such records may be released or disclosed only pursuant to an order of the court, and subsection 1-6-102(E) describes a procedure for the disclosure of confidential records. Of relevance here is paragraph (E)(1):

> A petition or motion shall be filed with the court describing with specificity the confidential records being sought and setting forth in detail the compelling reason

      why the inspection, release, disclosure, correction, or expungement of confidential records should be ordered by the court. A petition or motion that does not contain the required specificity or detail may be subject to dismissal by the court[.]

Paragraph (E)(1) does not explicitly contemplate that a party seeking section 1-6-102 disclosure may file its petition ex parte. When considering motions or petitions under this state statute, federal courts have consistently permitted or required participation by both parties.[1] Since an "ex parte proceeding" is an extreme measure reserved for "extraordinary cases,"[2] this Court will not entertain a petition for disclosure under section 1-6-102 filed ex parte and under seal where the statutory procedure does not contemplate ex parte filings and where no good reason has been given for the need to treat this as an extraordinary case that ought to proceed ex parte.[3]

     Additionally, Defendant's petition fails to sufficiently articulate why the records sought should be disclosed. Paragraph (E)(1) states that a petition or motion seeking

---

[1] *See, e.g.*, *Shelter Mut. Ins. Co. v. Swigart*, 2014 WL 4678392, at *1 (W.D. Okla. Sept. 18, 2014) (noting where plaintiff sought records under section 1-6-102, defendants "filed a response objecting to the motion"); *Moore v. Am. Honda Motor Co.*, 2013 WL 12073443, at *1 (W.D. Okla. June 4, 2013) (noting that defendants "provided notice of [the section 1-6-102] motion to Plaintiff's counsel" and recorded that plaintiff "does not object"); *Minton v. Okla. ex rel. Okla. Dept. of Human Servs.*, 2009 WL 3334923, at *1 (noting that defendant DHS filed brief in opposition to plaintiffs' section 1-6-102 motion); *Evans v. City of Tulsa*, 2009 WL 3254907 (N.D. Okla. Oct. 7, 2009) (reflecting two briefs in opposition filed against plaintiff's motion seeking section 1-6-102 disclosure); *Legates v. Okla. ex rel. Rogers Cty. Dept. of Human Services*, 2009 WL 3104677, at *1 (N.D. Okla. Sept. 18, 2009) ("Plaintiff seeks an order directing the Oklahoma Department of Human Services (DHS) to deliver to the Court any and all agency records" and "Defendants have filed a response.").

[2] *United States v. Begay*, 2018 WL 401265, at *6 (D.N.M. Jan. 12, 2018).

[3] This conclusion does not diminish the potentially sensitive nature of the information Defendant seeks, as the statute and prior decisions indicate the Court may conduct an in camera review of the records or an ex parte order to produce the records after a hearing. However, simply because potential sensitivity may warrant care with how records might ultimately be produced does not mean Defendant may request the production of such ex parte and under seal.

confidential records must "set[] forth in detail the compelling reason why the inspection, release, disclosure, [etc.] of confidential records should be ordered by the court." Although there is no standard rubric for what qualifies as a compelling reason, the sought records must be "relevant" to the case and generally must demonstrate clear relationship to a party, victim, claim, or trial strategy. Defendant's two statements of compelling reasons—his "presumption of innocence" and the need for the Court to consider the sought information at sentencing "should the Defendant be convicted"—do not set forth in detail either relevance or a compelling reason for disclosure of the confidential records Defendant seeks about himself, much less the confidential records Defendant seeks about other individuals.

Accordingly, for improperly filing the petition ex parte and under seal and for providing insufficient reasons for the sought confidential records, the Court **DISMISSES WITHOUT PREJUDICE** Defendant's Petition for Disclosure of Confidential Records (Dkt. 42).[4]

**IT IS SO ORDERED** this 15th day of October 2021.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[4] Should Defendant file a new petition that is not sealed and which offers more detailed reasons for obtaining the sought records, the Court would encourage the parties to also address in their briefing whether Okla. Stat. tit. 10A, § 1-6-102 is even the correct procedural vehicle to obtain the sought records in a federal criminal case. *See Swigart*, 2014 WL 4678392, at *2 ("§ 1-6-102(E) does not invoke substantive rights; it outlines the procedure for discovery of confidential documents."); *Evans*, 2009 WL 3254907, at *2 (noting that in a civil case, federal procedure, not state procedure, governed the production of the sought records, since section 1-6-102 "does not give the documents at issue any privileged status and [thus] Fed. R. Civ. Proc. 26 governs their discoverability").